# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ABDEL-ILAH ELMARDOUDI, Defendant. | No. CR06-0112 ORDER ALLOWING DEPOSITION TO PRESERVE TESTIMONY |

On the 24th day of April, 2007, this matter came on for hearing on the Motion to Allow Deposition of Witness (docket number 43) filed by the United States of America on April 17, 2007. The government was represented by Assistant United States Attorney Kandice Wilcox. The Defendant appeared personally and was represented by his attorney, Christopher A. Clausen.

## I. RELEVANT FACTS

On August 16, 2006, Defendant Abdel-Ilah Elmardoudi was charged by Indictment (docket number 1) with conspiracy and unlawful use of a Social Security number. Trial is now scheduled on July 16, 2007.

The Government intends to call Youssef Hmimssa to testify for the prosecution. Hmimssa is currently serving a sentence in federal custody, although he has an expected release date of May 27, 2007. Hmimssa is a foreign national and it is anticipated that he will be deported to Morocco following his release from prison.

Since it believes Hmimssa will be out of the country at the time of trial, the Government seeks to preserve his testimony by deposition. The Government proposes the deposition be taken in the courtroom, with the Defendant and both counsel present. The witness would be examined and cross-examined as if he were testifying live at the time of

1

trial. The deposition would be reported and also video-taped for the jury's viewing at the time of trial.

The Defendant argues that his due process rights are violated if Hmimssa does not testify live before the jury. According to the Defendant, the jury will be unable to fully assess the witness's credibility if the jurors are unable to observe him in the courtroom. Also, it is suggested that if Hmimssa is permitted to testify without a jury present, it may have some effect on his testimony. In support of his arguments, the Defendant quoted a transcript from a Michigan proceeding, where a federal judge found that Hmimssa had lied.

## II. CONCLUSIONS OF LAW

Federal Rule of Criminal Procedure 15(a)(1) provides, in relevant part, as follows:

> A party may move that a prospective witness may be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

Accordingly, the Court must determine (1) whether the facts in the instant action constitute "exceptional circumstances" within the meaning of the Rule and (2) whether permitting the witness to be deposed in order to preserve his testimony for trial is "in the interest of justice."

A. <u>Exceptional Circumstances.</u> To establish exceptional circumstances under Rule 15(a), "the moving party must show the witness's unavailability and the materiality of the witness's testimony." *United States v. Cannon*, 475 F.3d 1013, 1022 (8th Cir. 2007) (citing *United States v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006)). In his post-hearing Memorandum, Elmardoudi argues that the Government failed to offer any evidence that Hmimssa will be "unavailable" at the time of trial, or that Hmimssa's testimony is "material." Elmardoudi concedes that Hmimssa appears to be "removeable [sic]," but argues that his availability is "completely within the control of the Government." In

2

addition, he argues that if Hmimssa's testimony is cumulative of testimony already in the record, then it is not material.

It appears likely that Hmimssa will be deported after he completes his sentence on May 27, 2007. If Hmimssa is not in the country at the time of trial on July 16, 2007, then the Court concludes that he would be "unavailable" within the meaning of Rule 15(a)(1). *United States v. Allie*, 978 F.2d 1401 (5th Cir. 1992). In *Allie*, the defendant contended that the district court erred by permitting the government to depose illegal aliens and, when the witnesses failed to return from Mexico, admitting the depositions into evidence at trial. In affirming the conviction, the Fifth Circuit Court of Appeals determined the "exceptional circumstances" requirement of Rule 15(a) had been met. *Id.* at 1405.

The Court concludes that the Government has presumptively established Hmimssa's unavailability for trial and the materiality of his testimony, thereby meeting the "exceptional circumstances" requirement of Rule 15(a). Before the deposition can be used at the time of trial, however, the Government will be required to present evidence that Hmimssa is, in fact, unavailable and his testimony is material.

B. <u>Interest of Justice.</u> The Defendant argues, however, that video-taped testimony is not the same as having a witness testify live at the time of trial. The Defendant believes that Hmimssa's credibility is a critical issue. By observing Hmimssa in the courtroom, the Defendant argues that the jury will be better able to assess his credibility and weigh his testimony.

The Defendant failed to cite any case which concluded that he is entitled to a witness's live testimony, rather than video-taped testimony, because of a perceived advantage in having a witness testify live at the trial. There is no evidence that the substance of Hmimssa's testimony will be different if he testifies prior to trial, rather than in front of a jury. In addition, the Court concludes that if the jury is able to view the witness by video-tape, it provides an adequate opportunity for the jury to assess the witness's credibility. Admission of deposition testimony does not violate the Defendant's

3

Sixth Amendment right to confront his accusers at trial. *United States v. Perez-Sosa*, 164 F.3d 1082, 1085 (8th Cir. 1998); *Allie*, 978 F.2d at 1406. The Court concludes that the "interests of justice" are served by permitting the government to preserve the testimony of Hmimssa by video-tape, for later use at the time of trial.

### ORDER

IT IS THEREFORE ORDERED that the Motion to Allow Deposition of Witness (docket number 43) filed by the United States of America is hereby **GRANTED**. The deposition shall be held at a mutually agreeable time in a courtroom at the United States Courthouse in Cedar Rapids, Iowa. The witness, the Defendant, and both counsel shall appear personally at the deposition. The witness shall be examined and cross-examined as if he were testifying live at the time of trial. The deposition will be reported and also video-taped for the jury's viewing at the time of trial. Admission of the video-taped deposition at the time of trial is dependent, however, upon the Government's showing of Hmimssa's unavailability at that time, and the materiality of his testimony.

DATED this 30th day of April, 2007.

JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT