**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ABDEL-ILAH ELMARDOUDI,<br><br>        Defendant. | No. 06-CR-112-LRR<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS ON DUE PROCESS GROUNDS** |

*TABLE OF CONTENTS*

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
     A.    *Outrageous Government Conduct Rule* . . . . . . . . . . . . . . . . . . . . . *4*
          1.    *Pre-indictment delay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
          2.    *Government's alleged misconduct in the grand jury* . . . . . . . . *5*
          3.    *Prosecutor's conduct* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
          4.    *Prosecutor's intention to introduce Hmimssa's testimony* . . . . *6*
          5.    *Inconsistent theories* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
          6.    *Totality of the government's conduct* . . . . . . . . . . . . . . . . . . *8*
     B.    *Court's Supervisory Power* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

IV.  DISPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*I. INTRODUCTION*

The matter before the court is Defendant Abdel-Ilah Elmardoudi's Motion to Dismiss Indictment on Due Process Grounds and Request for Evidentiary Hearing ("Due Process Motion") (docket no. 58).

The court's January 22, 2007 order sets forth the relevant procedural history of this case, as well as criminal cases involving Defendant in the United States District Court for

the District of Minnesota, the United States District Court for the Eastern District of Michigan ("Michigan Proceedings") and a prior case in this court. *See* Order (docket no. 26), at 1-4. The court shall not reiterate the entirety of this procedural history herein.

On June 8, 2007, Defendant filed the Due Process Motion. On June 19, 2007, the government filed its resistance. (docket no. 66). On July 2, 2007, Defendant filed a supplement to the Due Process Motion. (docket no. 71). On July 3, 2007, the court held an evidentiary hearing ("Hearing") on the Due Process Motion and two other motions. Defendant introduced two affidavits (docket nos. 73 & 74) as evidence.[1] After the Hearing, the government filed a response to one of the affidavits. (docket no. 76). Defendant was personally present at the Hearing with his Attorney Christopher A. Clausen. Assistant United States Attorney Kandice A. Wilcox represented the government. The court finds the Due Process Motion to be fully submitted and ready for decision.

## II. ARGUMENTS

Defendant argues that his Fifth Amendment due process rights are in danger, because the government engaged in outragous government misconduct and prosecutorial misconduct in prior federal criminal proceedings in the Eastern District of Michigan ("Michigan Proceedings")[2] and in this district. He argues that the Indictment in the instant case is "part and parcel of the now dismissed charges in [the Michigan Proceedings]." Defendant alleges five individual violations of his due process rights, and, alternatively,

---

[1] The affidavit by Defendant (docket no. 74) is neither signed nor dated.

[2] For accounts of the Michigan Proceedings, see *United States v. Koubriti*, 336 F. Supp. 2d 676 (E.D. Mich. 2004), 307 F. Supp. 2d 891 (E.D. Mich. 2004), 305 F. Supp. 2d 723 (E.D. Mich. 2003), 297 F. Supp. 2d 955 (E.D. Mich. 2004), 252 F. Supp. 2d 424 (E.D. Mich. 2003) and 252 F. Supp. 2d 418 (E.D. Mich. 2003).

2

argues that the sum of such violations equates to outrageous government conduct.[3] He argues that these due process violations entitle him to dismissal of the Indictment.[4]

The government argues that the charges in the Michigan Proceedings and the instant case are entirely different, although it concedes that some of the facts overlap. It argues that the prosecutor's conduct in the Michigan Proceedings has not been repeated in this case. For example, a letter written by inmate Butch Jones, which was not properly disclosed during discovery in the Michigan Proceedings, was disclosed to Defendant in this case and Defendant's attorney used it during the cross-examination of Youssef Hmimssa ("Hmimssa").[5] It argues that the "list of events" Defendant has presented from the two cases does not equate to outrageous government conduct or otherwise require dismissal of the Indictment.

---

[3] In the Due Process Motion, Defendant begins with a section titled "Prosecutorial Misconduct in Michigan" and lists several events which allegedly occurred in the Michigan Proceedings. It is unclear whether Defendant presented this section as background or as an independent reason why the court should dismiss the Indictment. If Defendant intends to allege that the events in the Michigan Proceedings amount to outrageous government conduct in this instant case, or if he intends to otherwise seek dismissal of the Indictment due to a due process violation in the Michigan Proceedings, the court finds no such due process violation.

[4] Although Defendant fails to cite any Federal Rule of Criminal Procedure in his motion or brief, the court interprets his Due Process Motion as a motion to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2). *See United States v. Nguyen*, 250 F.3d 643, 646 (8th Cir. 2001) ("[T]his circuit has held that 'outrageous government conduct' should be raised as a pre-trial motion to dismiss the indictment pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure . . . ." (citations omitted)).

[5] As part of another motion in the instant case, the government provided the court with a deposition transcript and a video recording of the deposition of Hmimssa which occurred on May 15, 2007, and May 21, 2007 (hereinafter collectively referred to as "Hmimssa Deposition").

## III. ANALYSIS

In an attempt to have the Indictment dismissed by the court, Defendant relies on the fact that the government has a unique role in the criminal justice system. *See Smith v. Groose*, 205 F.3d 1045, 1049 (8th Cir. 2000) (explaining that, due to the government's quasi-judicial role in the justice system, "the Due Process Clause requires conduct of a prosecutor that it does not require of other participants in the criminal justice system"). The government must disclose exculpatory evidence. *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 675 (1985)). The government must not knowingly or recklessly use false testimony. *Id.* (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959), and *United States v. Duke*, 50 F.3d 571, 577-78 & n.4 (8th Cir. 1995)). A prosecutor can violate a defendant's due process rights by presenting "inconsistent prosecutorial theories." *Id.* at 1049-52.

### A. *Outrageous Government Conduct Rule*

The Fifth Amendment of the United States Constitution protects defendants from deprivation of life, liberty and property "without due process of law . . . ." U.S. Const. amend. V. If the court finds that the government has engaged in conduct that "shocks the conscience," the court may utilize the "outrageous government conduct" rule and dismiss criminal charges to avoid a Fifth Amendment due process violation. *See United States v. Boone*, 437 F.3d 829, 841 (8th Cir. 2006); *United States v. Russell*, 411 U.S. 423, 431-32 (1973) (stating that a court may dismiss an indictment on due process grounds when "the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction"); *see also United States v. Searcy*, 233 F.3d 1096, 1101 n.3 (8th Cir. 2000) ("The claim of outrageous government conduct rests on the Due Process Clause of the Fifth Amendment."). Dismissal under the outrageous government conduct doctrine is appropriate "only if [the conduct] falls within the narrow band of the most intolerable government conduct." *Boone*, 437 F.3d at 841 (quotation omitted). "Government conduct

4

which is so outrageous and shocking that it exceeds the bounds of fundamental fairness, may violate the Due Process clause and bar a subsequent prosecution." *United States v. Hunt*, 171 F.3d 1192, 1195 (8th Cir. 1999) (quotations and alterations omitted). "The level of outrageousness needed to prove a due process violation is 'quite high' . . . ." *United States v. Pardue*, 983 F.2d 843, 847 (8th Cir. 1993) (quoting *United States v. Jacobson*, 916 F.2d 467, 469 (8th Cir. 1990), *rev'd on other grounds*, 503 U.S. 540 (1992)); *see also United States v. Berg*, 178 F.3d 976, 979 (8th Cir. 1999) ("And, like the Supreme Court, this Court has yet to see a case in which the government's conduct rose to the level of such outrageousness."). "Whether particular government conduct [is] sufficiently outrageous to meet this standard is a question of law . . . ." *Boone*, 437 F.3d at 841.

The court shall address each of Defendant's alleged due process violations in turn, and then it will examine whether the totality of the government's conduct is a due process violation.

### *1. Pre-indictment delay*

Defendant first argues that the government's deliberate delay in bringing the Indictment violated his due process rights. On January 22, 2007, the court denied Defendant's motion to dismiss in which he argued the same. *See Elmardoudi*, 2007 WL 186526, at *5 (finding that Defendant had not shown actual and substantial prejudice resulting from the preindictment delay, therefore, there was no Fifth Amendment due process violation). The court, once again, finds no merit in this argument.

### *2. Government's alleged misconduct in the grand jury*

Next, Defendant attempts to argue that the government acted inappropriately with regard to the grand jury. The court finds Defendant has not set forth a cognizable argument. The court is unable to decipher his claim, based upon a one-paragraph

argument and a cryptic reference to reports by the Federal Bureau of Investigations and a Grand Jury index.

### 3. *Prosecutor's conduct*

Defendant's seeks dismissal of the Indictment because of "[t]he prosecutor's deliberate or at least negligent conduct to interfere with the defense access to the witnesses and the [g]overnment's failure to preserve the evidence by deporting favorable and material witnesses." (docket no. 58-2, at 2 (emphasis omitted)). The court recognizes the government's duty to preserve evidence. The Eighth Circuit Court of Appeals has explained the following:

> A due process violation occurs whenever the government "suppresses or fails to disclose material exculpatory evidence." *Illinois v. Fisher,* 540 U.S. 544, 547 (2004) (per curiam) (citing *Brady v. Maryland,* 373 U.S. 83 (1963)). In contrast, "the failure to preserve . . . 'potentially useful evidence' does not violate due process '*unless a criminal defendant can show bad faith on the part of the police.*'" *Id.* (quoting *Arizona v. Youngblood,* 488 U.S. 51, 58 (1988)) (emphasis added in *Fisher*); *United States v. Boswell,* 270 F.3d 1200, 1207 (8th Cir. 2001), *cert. denied,* 535 U.S. 990 (2002).

*United States v. Iron Eyes*, 367 F.3d 781, 786 (8th Cir. 2004). Once again, however, the court is unable to fully analyze Defendant's claim, because he does not provide specific information regarding the alleged failure to preserve the evidence. Defendant fails to identify which witnesses the government deported or which evidence it failed to preserved. Defendant has not shown that the government violated his due process rights or that the prosecutor acted inappropriately.

### 4. *Prosecutor's intention to introduce Hmimssa's testimony*

Defendant argues that, because the government "knew or should have known that [Hmimssa] lied" during the Michigan Proceedings, allowing his testimony will violate Defendant's right to due process.

6

There is clearly a constitutional prohibition on a prosecutor's knowing or reckless use of false testimony. *Groose*, 205 F.3d at 1049 ("The due process requirement will cast into doubt a conviction obtained by a prosecutor's knowing or reckless use of false testimony."). Defendant has not shown, however, which part of the testimony in the Hmimssa Deposition is untrue. Because he has pointed to no specific testimony which, if presented at trial, would amount to perjury, the court cannot find that his constitutional right to due process has been violated or would be violated at trial if the Hmimssa Deposition were shown to the jury. Additionally, the court has reviewed the Hmimssa Deposition and compared it to the information it has received in all of the pretrial motions in this case. It can find no statement by Hmimssa in the Hmimssa Deposition which is perjurous. The court will not dismiss the Indictment on this ground.

### 5. *Inconsistent theories*

Finally, Defendant argues that the Indictment should be dismissed because the government is attempting to use a theory in the instant case that is inconsistent with the theory it used in the Michigan Proceedings.

A defendant's due process rights can be violated when the government uses inconsistent prosecutorial theories. *Groose*, 205 F.3d at 1049-52. For example, the government may not convict two different defendants for murder by using "factually contradictory theories" in each case. *Id.* at 1051. Prosecutors must not "present precisely the same evidence and theories in trials for different defendants," but it may not use "inherently factually contradictory theories" because that would violate "the principles of due process." *Id.* at 1052. The Eighth Circuit Court of Appeals "doubts" that due process violations will occur often based on inconsistent prosecutorial theories, because "[t]o violate due process, an inconsistency must exist at the core of the prosecutor's cases against defendants for the same crime." *Id.*

7

This is simply not a case of inconsistent prosecutorial theories. Defendant is the only person charged in the Indictment. Therefore, by definition, there can be no due process violation by way of inconsistent prosecutorial theories.

### 6. *Totality of the government's conduct*

Defendant has not shown through the five alleged reasons that dismissal of the Indictment is warranted under the outrageous government conduct rule. The court has examined the totality of the government's conduct in connection with the instant case and finds that it is neither improper nor outrageous. Defendant certainly has not shown that any conduct by the government in the instant case is so outrageous as to warrant dismissal of the criminal charges. This is not a case involving a sting or reverse-sting operation. *See Berg*, 178 F.3d at 979 ("The outrageous-conduct argument often arises in cases where the government has been involved in sting or reverse-sting operations."); *see also Hunt*, 171 F.3d at 1194-95 (asserting the defense of outrageous government conduct where the defendant's brother-in-law provided ephedrine pills to further the methamphetamine conspiracy while he was cooperating with the government). Neither is it a case involving an allegation of entrapment. *See Boone*, 437 F.3d at 842 (noting that "the rule that outragous government conduct can forclose criminal charges has been applied by our courts almost exclusively to situations involving entrapment, where law enforcement officers have sought to create crimes in order to lure a defendant into illegal activity that she was not otherwise ready and willing to commit" (quotation omitted)). At the most, Defendant has shown that his rights were violated in the Michigan Proceedings—a fact conceded by the government and established by a court order. *See Koubriti*, 336 F. Supp. 2d at 680-82 (holding that the government's failure to produce exculpatory materials required dismissal of a terrorism count and new trial on a document fraud count). Defendant has not established, though, that the government's misconduct in the Michigan

8

Proceedings equates to a due process violation in the instant case. He has not shown a single due process violation in the instant case.

### B. *Court's Supervisory Power*

Defendant argues that the court should use its supervisory power to dismiss the Indictment because it is not possible for him to receive a fair trial. A court may exercise its supervisory power in the following three situations: "[T]o implement a remedy for violation of recognized rights; to preserve judicial integrity by insuring that a conviction rests on appropriate considerations validly before the jury; and finally, as a remedy designed to deter illegal conduct." *United States v. Hasting*, 461 U.S. 499, 505 (1983) (citations omitted).[6]

The court declines to use its supervisory power over the administration of criminal justice to dismiss the Indictment in this matter. *See United States v. Hemphill*, 544 F.2d 341, 344-45 (8th Cir. 1976) (reversing a district court's judgment of acquittal notwithstanding the jury's verdict after considering the defendant's claim that the conduct of a government agent "was so outrageous that the district court in the exercise of its supervisory powers over the adminstration of criminal justice was justified in entering [the judgment of acquittal]"). Defendant can neither show a violation of his constitutional rights nor that the government has engaged in misconduct. The court finds no basis upon which to grant Defendant's Due Process Motion.

---

[6] Although Defendant states that it is "well established that a federal court may use its supervisory power to dismiss an indictment on the basis of the [g]overnment (sic) misconduct," the court can find no reported case in which the Eighth Circuit Court of Appeals has affirmed the dismissal of an indictment under the district court's supervisory power. *But see United States v. Barket*, 530 F.2d 189, 190 (8th Cir. 1976) (affirming dismissal of a two-count indictment based on prejudicial pre-indictment delay, and declining to state whether the district court's alternative theory of dismissal under the court's supervisory power was proper). *See also United States v. Beasley*, 102 F.3d 1440, 1453 (8th Cir. 1996) (rejecting the defendants' argument that the district court "erred in not exercising its supervisory authority over the government's charging decisions").

## IV. DISPOSITION

For the foregoing reasons, it is hereby **ORDERED**:

(1) Defendant's Due Process Motion (docket no. 58) is **DENIED**; and

(2) The period of time between the filing of Defendant's Due Process Motion and the filing of this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 5th day of July, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA