**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-112-LRR |
| vs. | **ORDER ON DEFENDANT'S MOTION PURSUANT TO RULE 48(b)** |
| ABDEL-ILAH ELMARDOUDI, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. PARTIES' ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     A.   *Delay in Presenting the Charges to the Grand jury - Rule 48(b)(1)* . . 4
     B.   *Delay in Bringing Defendant to Trial - Rule 48(b)(3)* . . . . . . . . . . . 5
          1.   *General delay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
          2.   *Delay since arraignment* . . . . . . . . . . . . . . . . . . . . . . . 7

V.   DISPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*I. INTRODUCTION*

The matter before the court is Defendant's Motion Pursuant to Rule 48(b) ("Rule 48(b) Motion") (docket no. 59).

*II. PROCEDURAL HISTORY*

The court's January 22, 2007 order sets forth the relevant procedural history of this case, as well as criminal cases involving Defendant in the United States District Court for

the District of Minnesota, the United States District Court for the Eastern District of Michigan ("Michigan Proceedings"), and a prior case in this court. *See* Order (docket no. 26), at 1-4. The court shall not reiterate the entirety of this procedural history herein.

On June 6, 2007, Defendant filed the Rule 48(b) Motion. On June 15, 2007, the government filed a resistance ("Resistance"). On July 3, 2007, the court held an evidentiary hearing ("Hearing") on the Rule 48(b) Motion and two other motions. Defendant introduced two affidavits (docket nos. 73 & 74) as evidence.[1] After the Hearing, the government filed a response to one of the affidavits. (docket no. 76). Defendant was personally present at the Hearing with his Attorney Christopher A. Clausen. Assistant United States Attorney Kandice A. Wilcox represented the government. The court finds the matter fully submitted and ready for decision.

### III. PARTIES' ARGUMENTS

In his Rule 48(b) Motion, Defendant alleges that the Indictment should be dismissed because of unnecessary delay. He specifically argues that the court should dismiss his Indictment because the government unnecessarily delayed in (1) presenting the charges to the grand jury; (2) filing a complaint or information against him; and (3) bringing him to trial. Defendant argues that "the delay of 63 months[2] was unnecessary and was an occasion to buy purposeful and oppressive action on the part of the government." He alleges that, "[s]ince the time the criminal complaint was filed on December 7, 2001, the [g]overnment had all the information which it needed to successfully prosecute [him]." Finally, Defendant argues that his speedy trial rights have been violated and that he has

---

[1] The affidavit by Defendant (docket no. 74) is neither signed nor dated.

[2] Defendant does not state which period of time he is referring to when he references "63 months." In a prior order, the court noted that there was a fifty-six month delay between the December 7, 2001 complaint and the August 16, 2006 Indictment. Order (docket no. 26), at 9.

2

been prejudiced by the government's delay in three ways: (1) he has been subject to oppressive pretrial incarceration since November of 2002; (2) he has suffered from anxiety and frustration; and (3) he does not now have a right to a fair trial because material witnesses have been deported.

The government argues in its Resistance that the Sixth Amendment of the United States Constitution does not apply to pre-indictment delay, but only attaches after an arrest is made or an indictment is filed. The government argues that the time elapsed since Defendant's arrest in 2002 for charges pending in another judicial district do not apply for speedy trial purposes. The government contends that the court has extended the time period from the time of the Indictment until the forthcoming trial date based on continuances either asked for or agreed to by Defendant.

## IV. ANALYSIS

The Eighth Circuit Court of Appeals has explained that

> [t]wo provisions of the United States Constitution guard criminal defendants against unreasonable pre-trial delay. First, the Sixth Amendment provides a right to a speedy trial in all criminal prosecutions, a protection that attaches to the earlier of arrest or indictment. Sixth Amendment speedy trial issues are analyzed using the four-factor balancing test established in *Barker v. Wingo*, 407 U.S. 514 (1972). This test requires the court to consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.
>
> Second, while statutes of limitations provide the primary guarantee against delay prior to indictment or arrest, the due process clause of the Fifth Amendment does play a limited role in protecting against oppressive delay.

*United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006) (footnote and citations omitted). "The Sixth Amendment guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . .'" *United States v. Aldaco*, 477

3

F.3d 1008, 1019 (8th Cir. 2007) (quoting U.S. Const. amend. VI). Federal Rule of Criminal Procedure 48(b) "provides enforcement of the right" to a speedy trial. *Pollard v. United States*, 352 U.S. 354, 361 n.7 (1957). Rule 48(b) provides:

> The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial.

Fed. R. Crim. P. 48(b). "Most of the factors [considered] with respect to the Sixth Amendment are equally pertinent and applicable [to Rule 48(b)]." *United States v. Hodges*, 408 F.2d 543, 551 (8th Cir. 1969). The Eighth Circuit Court of Appeals has noted that "'[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.'" *Aldaco*, 477 F.3d at 1018-19 (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)).

In Defendant's Rule 48(b) Motion, he argues that there was delay both before and after the filing of the Indictment.[3] Therefore, the court shall analyze these periods separately.

### A. *Delay in Presenting the Charges to the Grand Jury - Rule 48(b)(1)*

At the outset, the court notes that, in its January 22, 2007 order, it considered and rejected Defendant's arguments regarding prejudicial pre-indictment delay. *See* Order (docket no. 26), at 6-10 (finding that Defendant had not shown actual and substantial prejudice, and denying his motion to dismiss).

In the Rule 48(b) Motion, Defendant again argues that there was prejudicial pre-indictment delay, but he fails to offer any authority to support his claim that the government is required to indict a defendant within any particular period of time. The

---

[3] Defendant also states that he was prejudiced due to the delay in filing the "information." An information was never filed in this case. The court rejects this argument as completely without merit. Defendant is entitled to no relief under Rule 48(b)(2).

4

Eighth Circuit Court of Appeals has previously stated that "the Speedy Trial Clause of the [Sixth] Amendment did not apply to preindictment delay, which [is] controlled primarily by statutes of limitations and secondarily by the Due Process clause of the [Fifth] Amendment." *United States v. Burkhalter*, 583 F.2d 389, 392 (8th Cir. 1978) (citation and footnote omitted); s*ee also United States v. Reed*, 647 F.2d 849, 853 (8th Cir. 1981) (stating that "the applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges" (quotation omitted)). Rule 48(b) is not "violated if the statute of limitations is not [violated]." *United States v. Grayson*, 416 F.2d 1073, 1077 (5th Cir. 1969). If Defendant is attempting to allege a statute of limitations violation, his Rule 48(b) Motion shall be denied, because the court rejected Defendant's statute of limitations argument in the January 22, 2007 order. *See* Order (docket no. 26), at 5-6. If Defendant is attempting to allege a due process violation, the court is addressing that in a separate order on one of Defendant's motions to dismiss. *See* Motion (docket no. 58).

This court has previously held that there was no violation of Defendant's constitutional rights based on delay prior to filing the indictment or due to the statute of limitations. Therefore, Defendant is not entitled to relief under Rule 48(b)(1).

### B. Delay in Bringing Defendant to Trial - Rule 48(b)(3)

The Eighth Circuit Court of Appeals has stated that "[t]he test for determining the violation of the Constitutional right to a speedy trial is whether under all the circumstances the delay was unreasonable." *Barnes v. United States,* 347 F.2d 925, 930 (8th Cir. 1965). "A delay which is not purposeful or oppressive is not violative of the constitutional right of a defendant to a speedy trial." *Davidson v. United States,* 312 F.2d 163, 167 (8th Cir. 1963) (internal citations omitted). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530.

Defendant appears to be making two claims that he is entitled to relief under Rule 48(b)(3) for "unnecessary delay" in bringing him to trial. *See* Fed. R. Crim. P. 48(b). That is, he is arguing that the Indictment should be dismissed because the government delayed in bringing his case to trial by not prosecuting him in 2001 and because his trial is currently set to take place about eight months after his arraignment. The court will address his claims, in turn.

### 1. *General delay*

Rule 48(b) "'is clearly limited to post-arrest situations.'" *United States v. Garner*, 32 F.3d 1305, 1310 (8th Cir. 1994) (quoting *United States v. Marion*, 404 U.S. 307, 319 (1971)). Here, despite Defendant's efforts to convince the court otherwise, it is clear that he was not arrested on the charges in the Indictment until October 27, 2006. A brief review of the facts is in order. In December of 2001, the government charged Defendant in a criminal complaint in this district under his alleged alias "George LaBibe." However, the arrest warrant relating to that criminal charge was never executed. (*See* docket no. 4 (explaining that the arrest warrant in case number 01-MJ-92 was returned unexecuted due to the receipt of a grand jury indictment in the instant case, that is, case number 06-CR-112)). Defendant was arrested in November of 2002, but his incarceration since that time was based on indictments in other federal judicial districts for separate alleged crimes. Defendant was not charged in the instant Indictment until August 16, 2006. (docket no. 1). He did not make his initial appearance in the instant case until October 27, 2006. (docket no. 10). Therefore, Defendant has been in the custody of the United States Marshal based on the charges in the Indictment for approximately eight months.

The protections of the Sixth Amendment are triggered neither by Defendant's arrest and incarceration in other districts, nor by the December of 2001 charges against "George LaBibe" in this district. Defendant's Rule 48(b) Motion shall be denied, in so far as he

argues that he was arrested or incarcerated on the current charges prior to October 27, 2006.

### 2. *Delay since arraignment*

The Supreme Court has stated:

> [B]ecause of the imprecision of the right to a speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

*Barker*, 407 U.S. at 530-31 (footnote omitted). The Supreme Court observed in *Doggett v. United States*, 505 U.S. 647 (1992), that, "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." 505 U.S. at 652 n.1; *see also Aldaco*, 477 F.3d at 1019 (noting that the Eighth Circuit Court of Appeals has held a thirty-seven month delay is presumptively prejudicial and stating that "[a] delay approaching a year may meet the threshold for presumptively prejudicial delay" (citations omitted)).

On August 16, 2006, Defendant's Indictment was returned. (docket no. 1). On October 27, 2006, Defendant had his initial appearance. (docket no. 10). On November 2, 2006, the court arraigned Defendant and set the trial for January 2, 2007. (docket nos. 16 & 17). If Defendant's trial commences on July 16, 2007, as scheduled, the total delay between the date the indictment was returned and the date of trial will be about eleven months. The relevant lapse of time in the instant case, although approaching a year, is not presumptively prejudicial. The nature of the charges are complex. *See Doggett*, 505 U.S. at 652 n.1.

Even if there were a presumption of prejudice here and the court were to look at all of the factors in the *Barker* balancing test, the court would find that the delay has not prejudiced Defendant and that there is no violation of the Sixth Amendment. *See United*

7

*States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (citing *Barker* and explaining that a seventeen-month delay "compel[led]" the Eighth Circuit Court of Appeals "to look at the other factors in the balancing test"). The circumstances of this case indicate that the post-indictment delay is anything but prejudicial. In the approximately eight months since Defendant's arrest and arraignment, Defendant has requested several trial continuances and agreed that his case warranted extra trial preparation time due to its complexity. On November 2, 2006, after Defendant's arraignment, the court set Defendant's trial for January 2, 2007. (docket nos. 16 & 17). On November 27, 2006, the parties filed a joint motion to continue trial pursuant to the complex case exception in the Speedy Trial Act, that is, 18 U.S.C. § 3161(h)(8)(A). (docket no. 19). On November 28, 2006, the court granted the joint motion, continued the trial until February 12, 2007, and found that the time between the filing of the joint motion and the new trial date was excluded from the Speedy Trial Act calculation, pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii). (docket no. 20).[4] On January 26, 2007, Defendant filed an unresisted motion to continue the trial again—citing the complexity of the case. (docket no. 30). On February 1, 2007, the court granted the motion, scheduled a March 26, 2007 trial date, and stated that "[t]he time between the filing of the motion and the new trial setting is hereby excluded from consideration under the Speedy Trial Act . . . ." (docket no. 31). On March 19, 2007, the government filed an unresisted motion to continue trial. (docket no. 36). On March 21, 2007, the court held a hearing on that motion and, at the hearing, the parties orally

---

[4] Even if the court had not found that the time was excluded due to the complexity of the case, several motions were filed prior to the February 12, 2007 trial date, which also stopped the speedy trial clock. For example, on November 30, 2006, Defendant filed a motion to dismiss. (docket no. 22). On, January 22, 2007, the court filed an order and explicitly found that the time between the November 30, 2006, and January 22, 2007, was "excluded from calculation under the Speedy Trial Act," pursuant to 18 U.S.C. § 3161(h)(1)(F) and (J). (docket no. 26). The same day, that is, January 22, 2007, Defendant filed another motion which stopped the speedy trial clock. (docket no. 27).

8

agreed that this is a complex case. The court set forth in the oral record that, under the Speedy Trial Act, this case qualifies as an unusually complex case and the ends of justice were served by granting the trial continuance. *See* 18 U.S.C. § 3161(h)(8)(A) and (B)(ii); *see also* (docket nos. 36, 41). The court discussed possible trial dates with the parties and Defendant personally provided input to the court. At the hearing, Defendant explicitly agreed to the July 16, 2007 trial date.

The Eighth Circuit Court of Appeals has held that delays exceeding one year are warranted and do not violate the Speedy Trial Act where defendants have filed numerous pre-trial motions. *See United States v. Shepard*, 462 F.3d 847, 863-64 (8th Cir. 2006) (citing over fifty pre-trial motions and affirming district court's finding of no Speedy Trial Act violation "due to the numerous pretrial motions filed in this case"); *United States v. Pilla*, 550 F.2d 1085, 1087-88 (8th Cir. 1977) (determining that an eighteen month delay did not constitute a violation to the right to a speedy trial due, in part, to the large number of pre-trial motions that postponed the trial until the trial court could consider such motions); *see also United States v. Wells*, 160 Fed. Appx. 885, 890 (11th Cir. 2005) (finding that motions for continuance granted by the trial court based on serving the ends of justice were appropriate, and, although the government requested most, the defendant did not oppose any of the continuances); *United States v. Anderson*, 902 F.2d 1105, 1110 (2d Cir. 1990) (explaining that eight month delay between arrest and trial did not violate the defendant's Sixth Amendment rights as defense counsel agreed to the delays and continuances). Due to Defendant's repeated requests for continuances and agreement to the current trial date, he cannot be heard to complain that there has been prejudicial post-indictment delay in his case. *See Jackson*, 446 F.3d at 849; *Pilla*, 550 F.2d at 1093. Under these circumstances, an eleven-month delay is not prejudicial or oppressive.

Defendant has not shown that his constitutional rights have been violated or that relief is warranted under Rule 48(b)(3).

## V. DISPOSITION

For the foregoing reasons, it is hereby **ORDERED**:

(1) Defendant's Rule 48(b) Motion is **DENIED**; and

(2) The period between the filing of Defendant's Rule 48(b) Motion and this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 5th day of July, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA